IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

    Plaintiff,

v.

R. S. WONG, et al.,

    Defendants.

No. C 09-1744 SBA (PR)

**ORDER OF SERVICE**

Plaintiff Scott Pinholster, a condemned state prisoner currently incarcerated at San Quentin State Prison (SQSP), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while incarcerated at SQSP. In 2004, Plaintiff filed a previous civil rights action in which he alleged that he was placed in segregated housing without due process. See Case No. C 04-5484 SBA (PR). In an Order dated August 14, 2006 in that earlier action, the Court granted Defendants' motion for summary judgment. In its August 14, 2006 Order, the Court included the following factual background relating to Plaintiff's "Grade B" classification:

> Plaintiff is currently classified as a Grade B condemned inmate, a classification used for inmates who have a high escape or violence potential or present serious disciplinary or management problems.[1] This may include inmates with a history of escape, in-prison assault, gang affiliation, introduction of contraband, or weapons possession. See Thompson v. Enomoto, Case No. 79-1630 SAW (PR) (N.D. Cal. Oct. 23, 1980) (hereinafter "Consent Decree"). Under the Consent Decree, Grade B inmates are entitled to review of their status every ninety days. (Consent Decree at 5.)

(Aug. 14, 2006 Order at 1-2 (footnote in original).)

In the present action, Plaintiff's motion for leave to proceed in forma pauperis has been granted. Venue is proper in this district because the events giving rise to the action occurred at SQSP, which is located in this district. See 28 U.S.C. § 1371(b). He is seeking injunctive relief and damages.

The Court conducted a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915A(a) and determined that Plaintiff did not use the Court's civil rights complaint form when he

---

[1] Condemned inmates are automatically segregated from other inmates. Grade A is the death row equivalent of b[e]ing on general population. Those condemned inmates who pose security risks are reclassified as Grade B inmates. Grade B status is thus analogous to administrative segregation.

filed this action. The Court also noted that his complaint consisted of thirty-two hand-written, single-spaced pages with no spacing to indicate where new paragraphs began. The complaint was dismissed with leave to amend in order to give Plaintiff the opportunity to file a simple, concise and direct complaint which stated clearly and succinctly each claim he was seeking to bring in federal court, and also explained how each claim was exhausted in the state courts.

Now pending before the Court is Plaintiff's amended complaint.

The Court finds Plaintiff has cured the noted pleading deficiencies. Plaintiff now alleges identifiable claims for relief, all pertaining to his designation as an inmate on restrictive "Grade B status -- SHU[2] term" or "Work Privilege Group D" status. (Am. Compl. at 3-A, 3-C.) He also claims that he exhausted his administrative remedies as to these claims. (Id. at 2.) Plaintiff names the following Defendants: SQSP Warden R. S. Wong; SQSP Associate Warden D. A. Dacanay; SQSP Facility Captain B. Grundy; SQSP Lieutenant D. Coleman; and SQSP Counselors B. Ebert and A. Mincy. (Id. at 3.)

Specifically, Plaintiff claims that "[i]n 12-21-07, the federal court terminated all of the consent decree provisions that were used to remove the C.C.R. Title 15 Rules." (Id.) He adds that "when the court terminated the old consent decree[']s power, [he] then asked to have the C.C.R. Title 15 rules for release from the SHU term issued via the mandatory yearly current active reviews;" however, "the Defendants all refused to provide C.C.R. Title 15 review, stating all condemned [inmates] were under I.P. No. 608 and the C.C.R. Title 15 state law regulations [did] not apply to condemned [inmates]." (Id.) The Court construes his claims as follows: (1) that the Grade B/Privilege Group D status designation is in violation of due process because he was not afforded the procedural protections regularly provided to prisoners who are reclassified to more restrictive conditions of confinement, and (2) that the designation also violates his right to equal protection. The Court finds that Plaintiff's allegations, when liberally construed, show that the conditions of confinement for prisoners on Grade B/Privilege Group D status constitute an atypical and substantial hardship; therefore, he states a cognizable due process claim. With respect to his equal protection claim, Plaintiff seems to allege that his Grade B/Privilege Group D status violates his right to equal

---

[2] SHU stands for "Security Housing Unit."

2

1  protection because the procedures used to place death row prisoners on such restrictive status differ
2  from those used to place non-death row prisoners on restrictive status in administrative segregation
3  and the SHU. Although it is not readily apparent whether death row and non-death row inmates are
4  similarly situated under such circumstances, the Court finds that Plaintiff's allegations, when
5  liberally construed, state a non-frivolous equal protection claim and may go forward.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff states cognizable due process and equal protection claims against the named Defendants.

2.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 7) and a copy of this Order to: **SQSP Warden R. S. Wong; SQSP Associate Warden D. A. Dacanay; SQSP Facility Captain B. Grundy; SQSP Lieutenant D. Coleman; and SQSP Counselors B. Ebert and A. Mincy.** The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.

3

If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

    b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is

4

1 cautioned that because he bears the burden of proving his allegations in this case, he must be
2 prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to
3 Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and
4 other witnesses to the incident, and copies of documents authenticated by sworn declaration.
5 Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his
6 complaint.

7       c. Defendants shall file a reply brief no later than **fifteen (15) days** after the date
8 Plaintiff's opposition is filed.

9       d. The motion shall be deemed submitted as of the date the reply brief is due.
10 No hearing will be held on the motion unless the Court so orders at a later date.

11     5. Discovery may be taken in this action in accordance with the Federal Rules of Civil
12 Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose
13 Plaintiff and any other necessary witnesses confined in prison.

14     6. All communications by Plaintiff with the Court must be served on Defendants, or
15 Defendants' counsel once counsel has been designated, by mailing a true copy of the document to
16 Defendants or Defendants' counsel.

17     7. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
18 informed of any change of address and must comply with the Court's orders in a timely fashion.

19     8. Extensions of time are not favored, though reasonable extensions will be granted.
20 Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the
21 deadline sought to be extended.

22     IT IS SO ORDERED.

23 DATED: 2/15/12                                 _Saundra B Armstrong_
24                                         SAUNDRA BROWN ARMSTRONG/
                                        United States District Judge

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

        Plaintiff,

  v.

R S WONG et al,

        Defendant.

Case Number: CV09-01744 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Pinholster #C87601
San Quentin State Prison
San Quentin, CA 94974

Dated: February 15, 2012

        Richard W. Wieking, Clerk
        By: Lorene DeBose, Deputy Clerk