IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PINHOLSTER,<br><br>    Plaintiff,<br><br>  v.<br><br>R. S. WONG, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-01744 SBA (PR)<br><br>**NOTICE REGARDING INABILITY TO SERVE DEFENDANTS WONG, DACANAY, GRUNDY AND COLEMAN** |

Service has been ineffective on Defendants at San Quentin State Prison (SQSP), including: former SQSP Warden R. S. Wong; former SQSP Associate Warden D. A. Dacanay; former SQSP Facility Captain B. Grundy; and former SQSP Lieutenant D. Coleman. The Court has been informed that "[a]ll of the above noted individuals have retired from State Service" and the litigation coordinator at SQSP is "unable to accept service of any documents on their behalf for service." (Feb. 23, 2012 Letter from SQSP Litigation Coordinator T. Rossetti at 1.)

While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); see also Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with a current addresses for Defendants Wong, Dacanay, Grundy and Coleman.  Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current addresses of these Defendants.

**If Plaintiff fails to provide the Court with the current addresses of Defendants Wong, Dacanay, Grundy and Coleman within the thirty-day deadline, all claims against these Defendants will be dismissed without prejudice under Rule 4(m).**

IT IS SO ORDERED.

DATED:   3/13/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

        Plaintiff,

v.

R S WONG et al,

        Defendant.

Case Number: CV09-01744 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 13, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Pinholster #C87601
San Quentin State Prison
San Quentin, CA 94974

Dated: March 13, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk