IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

    Plaintiff,

 v.

R. S. WONG, et al.,

    Defendants.
                                   /

No. C 09-01744 SBA (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING DISCLOSURE OF DEFENDANTS WONG, DACANAY, GRUNDY AND COLEMANS' CURRENT ADDRESSES TO U.S. MARSHAL AND GRANTING EXTENSION OF TIME TO PROVIDE THOSE ADDRESSES**

        Plaintiff filed the present pro se prisoner complaint under 42 U.S.C. § 1983. Service has been ineffective as to multiple Defendants previously employed by but now retired from San Quentin State Prison (SQSP).

        In an Order dated March 13, 2012, the Court notified Plaintiff that the U.S. Marshal had been unable to effectuate service upon former SQSP Warden R. S. Wong; former SQSP Associate Warden D. A. Dacanay; former SQSP Facility Captain B. Grundy; and former SQSP Lieutenant D. Coleman because those Defendants had retired from State Service. The Court ordered Plaintiff to provide the Court with current addresses for Defendants Wong, Dacanay, Grundy and Coleman. The Court also informed Plaintiff that the failure to provide current addresses for these Defendants could result in the dismissal of all claims against them.

        Plaintiff has been unable to locate current addresses for these Defendants. Before the Court is "Plaintiff's Ex Parte Notice Of Request For Court Order Of The Addresses To Be Disclosed To The United States [Marshal]" (docket no. 19). Plaintiff asks the Court to issue an Order requiring the California Department of Corrections and Rehabilitation (CDCR), the SQSP Litigation Coordinator, and/or the Attorney General's Office to disclose Defendants' current addresses to the United States Marshal.

        Pursuant to Rule 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem

accomplishing service, a pro se litigant must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Plaintiff provides no documents or other evidence showing that he has attempted to obtain the Defendants' current addresses from the CDCR, the Litigation Coordinator at SQSP or the Attorney General's Office. He provides no documents or other evidence showing that these agencies maintain or are otherwise able to access current addresses for these Defendants. Moreover, he provides no legal authority for the proposition that the Court may order these agencies to provide addresses of individuals who have retired from State Service to the United States Marshal. For all of these reasons, the Court DENIES Plaintiff's motion.

      Plaintiff has, however, shown good cause for an extension of time in which to provide the above-referenced Defendants' addresses. No later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with current addresses for Defendants Wong, Dacanay, Grundy and Coleman. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current addresses of these Defendants.

      **If Plaintiff fails to provide the Court with the current addresses of Defendants Wong, Dacanay, Grundy and Coleman within the thirty-day deadline, all claims against these Defendants will be dismissed without prejudice under Rule 4(m).**

      This Order terminates Docket no. 19.

      IT IS SO ORDERED.

DATED: 5/4/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

        Plaintiff,

  v.

R S WONG et al,

        Defendant.

Case Number: CV09-01744 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Pinholster #C87601
San Quentin State Prison
San Quentin, CA 94974

Dated: May 7, 2012

                        Richard W. Wieking, Clerk
                        By: Lisa Clark, Deputy Clerk