IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

    Plaintiff,

v.

R. S. WONG, et al.,

    Defendants.

No. C 09-01744 SBA (PR)

**ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANTS WONG, DACANAY, GRUNDY, AND COLEMAN**

    Plaintiff, a state prisoner incarcerated at San Quentin State Prison (SQSP), filed the present pro se prisoner action under 42 U.S.C. § 1983. The Court issued an Order of Service. Defendants former SQSP Warden R. S. Wong, former SQSP Associate Warden D. A. Dacanay, former SQSP Facility Captain B. Grundy, and former SQSP Lieutenant D. Coleman have not been served in this action.

    As Plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

    Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why complaint against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he requested that official be served).

    In an Order dated March 13, 2012, the Court informed Plaintiff that service had been

ineffective on Defendants Wong, Dacanay, Grundy, and Coleman. The Court directed Plaintiff to provide the current addresses for these Defendants within thirty days of the Order. The Court also informed Plaintiff that the failure to do so could result in the dismissal of all claims against these Defendants.

In an Order dated May 4, 2012, the Court granted Plaintiff a thirty-day extension of time to provide these Defendants' current addresses. The Court again informed Plaintiff that the failure to provide current addresses for these Defendants could result in the dismissal of all claims against them without prejudice under Rule 4(m). Thirty days have passed, and Plaintiff has failed to provide the Court with the aforementioned required information.

This action has been pending for over 120 days, and service upon Defendants Wong, Dacanay, Grundy and Coleman has not been effectuated. Plaintiff has failed to show cause why the claims against Defendants Wong, Dacanay, Grundy, and Coleman should not be dismissed without prejudice pursuant to Rule 4(m). Accordingly, all claims against Defendants Wong, Dacanay, Grundy, and Coleman are DISMISSED without prejudice under Rule 4(m).

IT IS SO ORDERED.

DATED: 6/13/12

SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT PINHOLSTER,

        Plaintiff,

  v.

R S WONG et al,

        Defendant.

Case Number: CV09-01744 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 15, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Pinholster #C87601
San Quentin State Prison
San Quentin, CA 94974

Dated: June 15, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk